# In re Grape Street.

1. Art. III. § 21, of the Constitution of 1874,—prohibiting the General Assembly from passing any Act limiting the amount to be recovered for injuries to person or property, or any Act limiting the time within which suits for the above or other causes may be brought against corporations, different from the limitations fixed by general laws regulating actions against natural persons, and avoiding such Acts then existing,—applies broadly to all claims against individuals or corporations without regard to the form of proceeding to enforce such claim.

2. Said constitutional provision applies to, and abrogates, the limitation of one year prescribed in § 7 of the general road law of June 13th 1836, for the commencement of proceedings for the assessment of damages for the opening of streets, &c., where such damages accrued since the the present constitution went into effect.

March 26th 1883.  Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.  CLARK, J., absent.

CERTIORARI to the Court of Quarter Sessions of *Philadelphia county :* Of January Term 1883, No. 225.

Upon the petition of Mary Robinson and others, filed April 2d 1881, the court appointed a jury of view to report on the petitioners' claim for damages caused by " the alteration of the regulations and revision and actual establishment " of the grade on Grape street, made by virtue of an ordinance of councils of the city of Philadelphia.  By paper filed it was admitted that the date of confirmation of the said change of grade regulation was April 19th 1875.

The jury of view, by their supplemental report, awarded to each of the petitioners the sum of $350, as damages for said change of grade.

The city of Philadelphia filed the following exception to said report : " The petitioner is not entitled to damages, because it appears by the record of the cause, that more than one year had elapsed between the change of grade regulation and the filing of the petition in the above cause."

This exception was, after argument, dismissed by the court, in the following opinion by BIDDLE, J. :

" In the matter of the change of grade of Grape street, the

[In re Grape Street.]

plan was confirmed by the Board of Survey, April 19th 1875, and the proceedings for damages were commenced April 2d 1881. This change of grade, however, was made subsequent to the adoption of the Constitution of 1874, and it is contended that the special limitation of time in the act of 1836 for commencing proceedings is abrogated by that instrument. The 21st section of the 3d article provides that 'no act shall prescribe any limitation of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided.'

"The present proceeding is a suit against a corporation for injury to property, and the limitation of time within which it may be brought is different from that fixed by general laws regulating actions against natural persons. We think, therefore, this Act of 1836, so far as it affects the limitation of time within which suits may be brought, is avoided."

"Exception to supplemental report dismissed, and report confirmed."

The city of Philadelphia thereupon took this certiorari, assigning for error the above order confirming the report.

*Charles B. McMichael* and *Charles E. Morgan, Jr.*, and *William Nelson West*, city solicitor, for the plaintiff in error. —Art. 3, § 21 of the Constitution does not apply to legislation which regulates the assessment of damages for the lawful taking of land by corporations vested with the right of eminent domain. It applies only to suits within the purview of the general limitation: Act of March 27th 1713, 1 Smith Laws 76; 2 Debates Const. Con. 727–735. The requirement in section 7 of the Act of 1836, is not a mere limitation of a remedy, but a compliance therewith is a condition essential to the right to damages, and also to the jurisdiction of the court of Quarter Sessions: Del. R. R. v. Burson, 11 Smith 369; McClinton v. Pitts. &c. R. R. Co., 16 P. F. S. 404; In re Ridge Ave., 3 Out. 469; City of Phila. v. Wright, 4 Out. 235.

*William Grew* and *J. D. Bennett*, for defendants in error. —This question has already been settled by the case of Pusey v. City of Allegheny, 2 Out. 522.

Mr. Justice GORDON delivered the opinion of the court, April 16th 1883.

Were this case to be determined under the road laws which were of force prior to the adoption of the constitution of 1874,

we might be compelled, under the rulings found in the Ridge Avenue Case, 3 Out. 469, and the City v. Wright, 4 Out. 235, to reverse the court below.   But it is not to be so determined, but under, and by, that Constitution.   The plan changing the grade of Grape street was confirmed by the board of survey on the 19th of April 1875, and the proceedings to assess damages were commenced on the 2d of April 1881 ; this is within six years of the date of approval.   Laying aside, therefore, the question as to whether the statute of limitations must be taken to run from the time when the work of grading was done, or from the time of the fixing of the grade by the city author- ities, we proceed to the single inquiry of the effect of the new Constitution upon the limitation of one year, as prescribed in the general road law of the 13th of June 1836.   The court below held, that that part of the act was abrogated by the 21st section of the third article of the Constitution, and notwith- standing the able argument of the counsel for the city, we do not see how that court could very well have come to any other conclusion.

The following is a transcript of that section :—" No act of the General Assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property ; and, in case of death from such injuries, the right of action shall survive, and the general assembly shall prescribe for whose benefit such actions shall be prosecuted.   No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided."

That this language is broad and general enough to cover this case, there is no doubt.   But an attempt has been made to limit the effect of this provision by confining it to such suits or actions as are mentioned in the limitation act of March 27th 1713.   But for this there is no warrant.   It will be seen, by consulting the first part of the section cited, that it is general ; operative alike on natural and artificial persons, and the second is evidently designed to accord with the first ; the intention is to prevent discriminations between these two classes of persons, and to put them on an equality in courts of justice.   So, to prevent mistake, this, like the previous part of the section, uses language that is as general and all embracing as possible. There are to be no limitations of time, in suits against corpora- tions, for injuries to persons or property, or for " other causes," different from those which govern suits of private persons.

As this certainly applies to every possible species of claim or injury, we cannot see how its operation is to be limited to

[Philadelphia, &c. R. R. Co. *v.* Keenan.]

any special means of redress in a court of justice, for the latter must necessarily be as general as the former. In order to meet this very obvious proposition, it is urged that the word suit, as used in this section, does not apply to a process commenced in the quarter sessions by a petition. We think however, that an argument of this kind has no substantial ground for its support. Popularly this word means an action of any kind in a court of justice, whether commenced by writ, bill or petition, or by information or indictment. Nor is the legal definition much less general; for, as Blackstone has it, it is, " the lawful demand of one's right, or as Bracton and Fleta express it, in the words of Justinian, *jus prosequendi in judicio quod alicui debetur.*" It would thus seem, that if this proceeding by petition in the quarter sessions is not embraced by the constitutional provision, it is not because the word used therein is not general enough in its signification to embrace it. But if it is covered by the language of that instrument, by what allowable process of reasoning shall we undertake to exclude it?

The design of this part of the Constitution is sufficiently obvious; it is to put the citizen and corporations on the same general plane of right when they come into a court of justice, and thus, in part, at least, to break down the invidious distinction theretofore made, by the legislature between natural persons and corporations.

The intent of this provision is wise and good, and we are not disposed to destroy its beneficent effect by a narrow and unwarranted construction which, though it might serve to promote the welfare of corporations, would be detrimental to the best interests of the people at large.

The order of the court below is affirmed.