129 425
151 70
129 42t
22 SC ⁴322

# AD. SEIPEL v. B. & C. V. R. EXTENSION CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY.

Argued June 6, 1889—Decided October 7, 1889.

1. The act of April 17, 1866, P. L. 106, limiting the time within which actions shall be brought against railroad companies for damages for right-of way, or the use and occupancy of land, is abrogated by § 21, article III. of the constitution of 1874: Grape Street, 103 Pa. 121.
2. The right of action against a railroad company for damages for injuries to land taken, injured or destroyed in the construction of its corporate works, is not affected by the six years statute of limitations of March 27, 1713, 1 Sm. L. 76.
3. If, in proceedings instituted by a husband as owner, to assess damages for injuries to land arising from the construction of a railroad, it is discovered that the title to the land is in his wife, the wife's name as plaintiff, omitted by mistake, may be brought upon the record by amendment under the act of May 4, 1852, P. L. 574.
4. When the sole objection to a proposed amendment of parties plaintiff is that it will deprive the opposite party of a defence under the statute of limitations, it is proper to allow the amendment and leave the objecting party to a prayer for instructions as to its effect.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 42 May Term 1888, Sup. Ct.; court below, No. 73 April Term 1884, C. P.

Statement of Facts.

On May 31, 1883, Adam Seipel presented his petition for the appointment of viewers to assess the damages alleged to have been done by the Baltimore & Cumberland Valley Extension Railroad Company, in the construction of its roadbed on Water street in the borough of Chambersburg, and thereby making an embankment in front of petitioner's lot. From the report of the viewers awarding the petitioner $250 the railroad company filed an appeal, which was put at issue by order of the court as in an action of trespass and plea of not guilty.

At the trial on May 3, 1888, the plaintiff's counsel moved to amend the record, so that the party plaintiff should be Adam Seipel and Barbara, his wife, in right of said Barbara.

Objected to, that it is a proposition to substitute a new party to the record, after the limitation has expired for any proceedings by a new party; that the Railroad Company defendant was incorporated June 25, 1880, and commenced the location and construction of its road that fall and winter, and finished the road and commenced the operation of it on the 5th of September, 1881, with its cars. The act of April 17, 1866, P. L. 106, provides that "no suit or action shall be brought against any railroad company, incorporated by the laws of this commonwealth, for damages for right of way, or use and occupation of any land by said company for the use of their railroad, unless such suit or action shall be commenced within five years after the said lands shall have been entered upon for the purpose of constructing said road, and within three years after said road shall be in operation: Provided, That any person who would be sooner barred by this act shall not be thereby barred after two years from the date hereof."

By the court: (To the plaintiff's counsel:) Did you say that the amendment is to place the title in the wife?

Mr. Stewart. We find that the legal title to the property is not in Adam Seipel, but in Barbara Seipel, his wife.

By the court: Do you claim that the equitable title is in Adam Seipel?

Mr. Stewart. We claim that the equitable title is in Adam Seipel. His money bought the property; and, so far as creditors are concerned, it is his property.

Plaintiff's counsel offered the original petition of Adam Seipel for the appointment of viewers in this case, with the

order of court thereon; petition filed May 15, 1883, and setting forth that Adam Seipel, the petitioner, is the owner of the lot of ground about which we are now inquiring.

By the court: I think the objection must be overruled, and that the amendment must be allowed.

In the petition for the appointment of viewers to assess the damages of Adam Seipel, he is represented as the owner of the premises, and asked damages for the whole injury thereto, and did not set forth his title as husband and tenant by curtesy. The proceedings therefore were for the assessment of damages in gross for the whole injury, as if the exclusive title and ownership were in Adam Seipel. Now, if there were no question of the statute of limitations barring the right of Barbara Seipel, his wife, I think this amendment ought to be allowed, because it is not changing the cause of action, but it is simply adding the name of an additional party in interest. The husband had an interest in the land as tenant by curtesy initiate, and was the proper petitioner; and it is a case therefore of amending the record by adding another joint party.

With respect to the statute of limitations, the act of 1713, called the statute of limitations, commonly, does not apply, as decided in the case of the Delaware etc. R. Co. v. Burson, 61 Pa. 378; but I incline to think that the statute of 1866, limiting actions against railroad companies for land damages, is applicable in a case of this kind. I incline to think therefore that Barbara Seipel would be precluded from bringing an action or instituting any proceedings for the recovery of damages now, after the lapse of seven years from the building of the road. But whether that be so or not, if the proceeding on the part of the husband was for the whole damage, and the wife's name was omitted by mistake, the fact that she would be barred by the statute of limitations in bringing a new action, is not conclusive of the court's right to allow an amendment to the record. I think the purposes of justice require it. I think the omission of the wife was by mistake, and that it is not introducing a new cause of action to simply amend the record by adding the name of the party. The amendment is allowed, and a bill of exceptions is sealed for the defendant.[1]

The plaintiffs' case in chief having closed, the defendant company in its defence made the same offer of the ordinance

of the town council authorizing the construction of the rail-
road, as was made in Duke v. Railroad Co., ante, 423. The
same objection to the offer was made, when the offer was
refused.[2]

The case was submitted to the jury upon the testimony,
under instructions by ROWE, P. J., when the jury returned a
verdict for the plaintiff for $225. Judgment having been
entered on the verdict, the defendant company took this ap-
peal, assigning as error:

1. The allowance of plaintiffs' amendment.[1]
2. The refusal of defendant's offer.[2]

*Mr. David Wills* (with him *Mr. F. M. Kimmel* and *Mr.
Thad. M. Mahon*), for the appellant.

Counsel cited: Trego v. Lewis, 58 Pa. 463; Wood v. An-
derson, 25 Pa. 407; Morford v. Cook, 24 Pa. 92; Forster v.
Cumberland V. R. Co., 23 Pa. 371; Wright v. Hart, 44 Pa.
454; Kaul v. Lawrence, 73 Pa. 410; Hannum v. West Ches-
ter Bor., 63 Pa. 475.

*Mr. O. C. Bowers* (with him *Mr. D. W. Rowe* and *Mr. Alex.
Stewart*), for the appellees.

Counsel cited: Section 2, act of May 4, 1852, P. L. 574;
Delaware etc. R. Co. v. Burson, 61 Pa. 378; § 1, act of
April 17, 1866, P. L. 106; Fidler v. Hershey, 90 Pa. 363;
Clement v. Commonwealth, 95 Pa. 107; Patton v. Railway
Co., 96 Pa. 169; Pittsburgh etc. R. Co. v. Hall, 25 Pa. 336;
Railroad Co. v. Boyer, 13 Pa. 497.

OPINION, MR. JUSTICE McCOLLUM:

It is not necessary to inquire whether the act of April 17,
1866, P. L. 106, was broad enough to include this litigation, as
that act was abrogated by § 21 of article III. of the constitu-
tion of 1874: Grape St., 103 Pa. 121. As the statute of limi-
tations of March 27, 1713, has no application to a proceeding
for the assessment of damages occasioned by the construction
of a railroad, it follows that Mrs. Seipel's right of action against
the railroad company was not barred when the amendment was
allowed: Del. etc. R. Co. v. Burson, 61 Pa. 369; Hannum v.

West Chester Bor., 63 Pa. 475. The objection to the amendment rested upon a supposed bar of Mrs. Seipel's right by the act of April 17, 1866, and it was not well taken.

The amendment was properly allowed. It was authorized by the act of May 4, 1852, P. L. 574, and did not introduce a new cause of action, or deprive the company of a meritorious defence or substantial right. We may add that the question whether a claim is barred by a statute of limitations applicable to it, is ordinarily for the jury, upon the evidence and under instructions from the court. If the act of 1866 was in force and included this cause of action, it would be for the jury to ascertain, from evidence, when the entry for construction was made and when the road was in operation. These questions are not for the court on a motion to amend. When the sole objection to a proposed amendment is, that it will deprive the opposite party of a defence under the statute of limitations, it is proper practice to allow the amendment and leave the party to a prayer for instructions as to its effect upon his rights under the statute, when the evidence is closed: Kaul v. Lawrence, 73 Pa. 410.

For the reasons briefly stated in Duke v. Railroad Co., just decided, no error was committed by the court in rejecting the offer of the borough ordinance of September 23, 1880.

Judgment affirmed.

