## Keller *v.* Harrisburg & Potomac R. R. Co. et al., Appellants.

*Railroads—Eminent domain—Dissolution of company—Sureties.*

Where the sureties on a bond given by a railroad company to secure land damages intervene in the condemnation proceedings, they will not be permitted to defend on the ground that the dissolution of the railroad company prior to the condemnation proceedings abated the action against the principal, and discharged the sureties.

Argued April 27, 1894. Appeal, No. 467, Jan T., 1894, by defendants, from judgment of C. P. Cumberland Co., Sept. T., 1890, No. 76, on verdict for plaintiff, William Keller. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from report of viewers to assess damages for land taken by railroad company. Before SADLER, P. J.

From the record it appeared that on June 14, 1890, William Keller presented his petition for the appointment of viewers to assess damages for land taken by defendant railroad company. On the same day notice was given to defendant railroad and their sureties, and service was accepted by counsel. The land was taken in 1872, and on July 26th of that year, the railroad company gave its bond, with D. V. Ahl and P. A. Ahl as sureties, for the payment of damages. After appeal to the Supreme Court and remittitur filed, the court appointed viewers Nov. 12, 1892, and notice was given to the assignees of the sureties and

to the attorney who had been attorney of record for the railroad company, said railroad company having been dissolved by. sheriff's sale July 14, 1890.    On Jan. 14, 1893, Asbury Derland and J. H. Houck, as assignees of D .V. Ahl and P. A. Ahl, by permission of the court, were permitted to interplead and defend in the action.    The report of the viewers having been filed, an appeal was taken by Asbury Derland and J. H. Houck, assignees of D. V. Ahl and P. A. Ahl.    An issue was then framed in which the plaintiff was William ·Keller, and the defendants were the Harrisburg & Potomac Railroad, Asbury Derland and J. H. Houck, assignees of P. A. Ahl and D. V. Ahl, and P. A. Ahl.

Defendants first filed a plea of not guilty by direction of court, but this was withdrawn by leave of court and a plea in abatement filed, to the effect that the Harrisburg & Potomac Railroad Company had ceased to exist on July 14, 1890, by the sale of its franchises and property under foreclosure proceedings.    A replication was filed and the plea in abatement overruled. [3]

Defendants' points were as follows :

" 2. The corporate franchises of the corporation defendant— the Harrisburg & Potomac Railroad ·Company—having been sold at a judicial sale on foreclosure of its first mortgage in accordance with the terms therein provided by the trustees therein named, on July 14, 1890, said corporation ceased to exist, and this action thus pending abated and no recovery can be had by the plaintiff in this action.    *Answer :* Under the pleadings in this case the point is refused." [4]

" 1. That the cause of action in this case, to wit: the entry of the railroad upon this land, and the giving of the bond as required by the act of assembly for the entry of the railroad upon the said land, occurred on July 25, 1872, and this action having been commenced by the presentation of the petition for viewers on June 14, 1890, the said action is barred by the statute of limitations and the plaintiff cannot recover.    *Answer :* The Supreme Court has determined otherwise and the point is refused." [5]

" 4. That the bringing in of the sureties upon the bond of the said Keller as parties defendant to these proceedings by rule of June 14, 1890, and the subsequent proceedings by which they were made parties is without warrant in law in a proceed-

ing to assess the damages to the said Keller—the other party, to wit, the Harrisburg & Potomac Railroad, referred to in the act of assembly, not having been notified as required by that act—the appointment of viewers, the assessment of damages by them, the return to said court, and all the proceedings in this case are without notice to the other party in interest, and irregular and void, and not in accordance with the act of assem bly, and the plaintiffs cannot maintain this action founded on the same.    *Answer:* If the sureties are parties defendant in these proceedings they are parties of their own motion.    This point is refused under the pleadings in this case." [6]

" 3. The dissolution of the corporation defendant, as set forth in the second point, having discharged the principal because of the abatement of the action against the said principal, the said sureties are discharged, and because no recovery can be had against the principal therefore no recovery can be had against the said sureties.    *Answer:* Under the pleadings in this case the point is refused." [7]

Verdict and judgment for plaintiff for $1,300.    Defendants appealed.

*Errors assigned* were (1) dismissal of exceptions to report of viewers; (2) direction of issue; (3) overruling plea in abatement; (4–7) instructions as above; quoting record with exceptions, pleas and instructions respectively.

*S. M. Leidich* and *J. W. Wetzel*, for appellants, cited: Acts of May 31, 1887, P. L. 279; Feb. 19, 1849, P. L. 83; Com. v. Ry., 52 Pa. 506; Fries v. R. R., 85 Pa. 73; Hoffman's Ap., 118 Pa. 512; Bank v. Little, 8 W. & S. 207; Hays v. Ins. Co., 99 Pa. 626; 2 Morawetz, Corp. § 1031; Reifler v. Plank Road, 1 Pa. C. C. R. 64; Lycoming Gas. & Water Co. v. Mayer, 99 Pa. 615; Gwinner v. R. R., 55 Pa. 126; R. R. v. Corsuch, 84 Pa. 411; Fulton's Est., 51 Pa. 204; Pittsburg & Steubenville R. R. Co.'s Ap., 2 Gr. 151; Mellon's Ap., 32 Pa. 130; Myer's Ap., 76 Pa. 452; Collins v. Smith, 78 Pa. 425.

*J. Webster Henderson* and *John Hays*, for appellee, cited: Kellar v. R. R., 151 Pa. 67; Hoffman's Ap., 118 Pa. 512; Fries v. R. R., 85 Pa. 73; Lycoming Gas & Water Co. v.

Moyer, 99 Pa. 615; R. R. v. Johnston, 59 Pa. 290; McCay v. R. R., 2 Chester Co. R. 556; R. R. v. Burson, 6 Pa. 369; Acts of Feb. 19, 1849, P. L. 83; April 9, 1856, P. L. 286; Bronson v. Taylor, 33 Conn. 116; Shaeffer v. McKinstry, 8 Watts, 256; Browne v. Carr, 7 Bing. 508; 2 Wood on Railroads, 931.

PER CURIAM, May 14, 1894:

This case originated in the court below by plaintiff's petition for appointment of viewers to ascertain the amount of damages sustained by him by reason of the location and construction of the Harrisburg & Potomac Railroad through his lands.   The statute of limitation was interposed by the defendant, in limine, and the petition was dismissed; but, on appeal to this court, it was held that the proceeding is not within the purview of the statute of limitations, notwithstanding a bond with approved security had been given and the defendant company had lawfully taken possession more than six years prior to the presentation of the petition.   The decree dismissing the petition was accordingly reversed, petition reinstated and record remitted with instructions to proceed by appointing viewers, etc.: Keller v. Railroad Co., 151 Pa. 67.   Viewers were accordingly appointed, and subsequently reported in plaintiff's favor.   From their ·award, an appeal was taken, and the issue framed was tried by a jury.   Aside from the technical objections which were interposed by the defendants, the only material question in the case was as to the amount of damages to which plaintiff was entitled.   That, under the evidence, was a question of fact for the jury; by their verdict it was definitely settled.   The proper parties were before the court, and the case was carefully and correctly tried.   There is nothing in either of the specifications of error that requires special consideration or extended comment.   We have fully considered the rulings complained of and find that they are so obviously correct that discussion of the questions involved would serve no useful purpose.

Judgment affirmed.