## Dohner v. Dauphin County

*Metzger & Wickersham*, for claimant.

*Walter R. Sohn*, county solicitor, for the county.

WICKERSHAM, J., January 16, 1934.—The exception filed by the county solicitor to the report of the viewers in the above-stated case raises but one question which briefly stated, is: Is section 7 of the road law of June 13, 1836, P. L. 551,

36 PS §1782, still in force? If it is in force, then the petition for the appointment of viewers comes too late and the exception must be sustained.

It appears in the report of the viewers in this case that they were appointed by this court by order dated February 20, 1933, to view a public highway known as State highway route no. 624, locally known as the Colebrook Road through Londonderry Township, Dauphin County, which passes along and through the lands of the petitioner, plaintiff in this case; that the amount of land taken from the petitioner was 1 7/10 acres of farm land; that the improvement in question was commenced July 28, 1930, and finally completed February 25, 1931; and that damages were allowed the petitioner in this case for the land taken in relocating and widening the said State highway.

The facts governing the case do not clearly appear from the petition or the report of viewers. We have therefore requested counsel to prepare and file with us the following stipulation of facts:

1. The highway involved in the above-stated matter is a State highway.

2. The Commonwealth of Pennsylvania, in the improvement of the said highway known as the Colebrook Road, changed the location thereof in part and laid out a new road through a portion of the claimant's farm, and also took various strips of land at other portions of the claimant's farm as shown on the blueprint accompanying the viewers' report.

3. The Commonwealth of Pennsylvania improved the said highway shown on the aforesaid blueprint, by putting down a waterbound macadam road, digging the necessary gutters at the sides of the highway, and putting in drains.

Damages for the relocation and widening of this route are to be paid by the County of Dauphin: Act of May 4, 1927, P. L. 692, which is an amendment of section 16 of the Sproul Act of May 31, 1911, P. L. 468.

The county solicitor first presented to the viewers his exception heretofore referred to. In a well-written and carefully prepared report, this exception was overruled. We think the viewers reached the correct conclusion.

The exceptant bases his conclusion that the petition for the appointment of viewers was presented too late on section 7 of the Act of June 13, 1836, P. L. 551, 36 PS §1782, which reads as follows:

"The owner of any land through which a public road shall be opened as aforesaid, may within one year from the opening of the same, apply by petition, to the court of Quarter Sessions of the proper county, setting forth the injury which he or she may have sustained thereby, and thereupon, the said court shall appoint six disinterested persons to view the premises and assess the damages, if any, which such petitioner may have sustained."

In further support of this contention, the county solicitor also relies upon the following authorities: Keller v. Harrisburg & Potomac R. R. Co., 151 Pa. 67; The Delaware, Lackawanna & Western Railroad Co. v. Burson, 61 Pa. 369; McClinton v. The Pittsburg, Fort Wayne & Chicago Railway Co., 66 Pa. 404; Seiple v. B. & C. V. R. Extension Co., 129 Pa. 425; Stauffer v. East Stroudsburg Borough, 215 Pa. 143; Philadelphia Parkway, 250 Pa. 257; Mensch v. Columbia County, 4 D. & C. 223; State Highway Route No. 72, 71 Pa. Superior Ct. 85, affirmed in 265 Pa. 369; Lenhart v. Wright et al., 286 Pa. 351. We will now proceed to examine these authorities to ascertain whether they support his contention that the limitation of time for presenting a petition for the appointment of viewers is 1 year from the opening of the road.

It may be well to state that this was not a petition to assess damages for the opening and laying out of a road, but a petition for damages occasioned by a widening and relocation of the said road on the part of the Commonwealth of Pennsylvania, as authorized by the said Act of 1911 and its supplements and

amendments, in the exercise of its right of eminent domain. The viewers were of the opinion that the limitation during which a petition to assess damages for property taken, injured or destroyed, may be presented, is provided in the Act of March 27, 1713, 1 Sm. L. 76. We think this conclusion of the viewers cannot be sustained.

Keller v. Harrisburg & Potomac R. R. Co., supra, holds:

"The general statutory proceeding to assess damages for property taken, injured or destroyed in the exercise of the right of eminent domain, is not within the purview of the general statute of limitations of March 27, 1713; and this is so although bond has been given and approved and the corporation has lawfully taken possession more than six years prior to the institution of the proceedings."

In that case, the taking of the property of the plaintiff by the railroad company occurred in 1872; the petition to assess damages was presented to the court in 1890. The court refused to appoint the viewers on the ground that there was no jurisdiction, because the claim was barred by the statute of limitations (pp. 68, 69). We quote from the opinion of Mr. Justice Sterrett, which we think is particularly applicable to the instant case (p. 69):

". . . It is conceded that the act of April 17, 1866, P. L. 106, limiting the time within which action might be brought against railroad companies for land damages, was abrogated by § 21 of art. III of the constitution; but, it is contended that the general limitation act of March 27, 1713, bars the plaintiff's right to have viewers appointed to assess or liquidate the damages secured by the bond. Aside from the fact that the bond, which is plaintiff's only security, contemplates such assessment, and would be unavailable without liquidation of the damages secured thereby, we think the general statutory proceeding to assess damages for property, taken, injured or destroyed in the exercise of the right of eminent domain, is not within the purview of the act of 1713: Railroad Co. v. Burson, 61 Pa. 369; McClinton v. Railroad Co., 66 Pa. 404; Seiple v. B. & C. V. R. Extension Co., 129 Pa. 425."

The order of the court dismissing the petition for the appointment of viewers was reversed.

If, therefore, section 21 of article III of the Constitution abrogated the Act of April 17, 1866, P. L. 106, limiting the time within which actions may be brought against railroad companies for land damages, it naturally follows that this constitutional provision abrogated section 7 of the road law of 1836, and it is so held in In re Grape Street, 103 Pa. 121.

In Seiple v. B. & C. V. R. Extension Co., supra, it was held:

"The act of April 17, 1866, P. L. 106, limiting the time within which actions shall be brought against railroad companies for damages for right of way, or the use and occupancy of land, is abrogated by § 21, article III, of the constitution of 1874: Grape Street, 103 Pa. 121.

"The right of action against a railroad company for damages for injuries to land taken, injured or destroyed in the construction of its corporate works, is not affected by the six years statute of limitations of March 27, 1713, 1 Sm. L. 76."

It will be noted in the decision from which we have quoted that Grape Street is cited as authority for the conclusion reached by the Supreme Court.

This same constitutional question arose again in Stauffer v. East Stroudsburg Borough, supra, which was an appeal from an award of a jury of view, and in which it was held that the general statutory proceedings to assess damages for property taken, injured, or destroyed in the exercise of the right of eminent domain is not within the purview of the general statute of limitations

of March 27, 1713. Judgment was entered in favor of the plaintiff. The court below discharged a motion for a new trial, which was affirmed by the Supreme Court.

Again in Philadelphia Parkway, supra, the law was clearly stated as follows (p. 258) :

"The general rule is that the statute of limitations has no application to a proceeding to assess damages for property taken, injured or destroyed in the exercise of the right of eminent domain, and the exceptions to the rule are based upon facts and circumstances peculiar to the cases in which they arise."

We think there are no facts and circumstances in the instant case to take it out of the general rule. In the last cited case plaintiff petitioned the Court of Quarter Sessions of Philadelphia County to appoint viewers to assess damages for property taken, injured, or destroyed, resulting from the opening of the parkway in the City of Philadelphia. The court quashed the petition. In a very exhaustive opinion by Mr. Justice Elkin, the order of the court was reversed, the petition reinstated, and the record was remitted with direction to appoint viewers as prayed for. See also Commonwealth ex rel. v. Walker et al., 305 Pa. 31.

In Mensch v. Columbia County, supra, President Judge Potter had before him the right of an appeal from the damages assessed by viewers to the court of common pleas; nowhere in this opinion do we find that he decides the limitation in section 7 of the Act of 1836 is still in force.

The exceptant refers also to Lenhart v. Wright et al., supra, in support of his contention that the limitation provided by section 7 of the Act of 1836 is still in force. He reaches this conclusion by reading a part of the opinion of Mr. Justice Sadler found at page 356, in which he says:

". . . Particularly is this conclusion to be reached where the enabling act provided that the owner should ask for the appointment of viewers within one year, if he felt himself aggrieved by the location of the new highway, and failed to do so: . . ."

However, an examination of this opinion shows that the act Justice Sadler had before him was section 10 of the Act of March 18, 1816, P. L. 170, and not the Act of 1836.

Finally, counsel for the exceptant relies upon the decision of the Superior Court in State Highway Route No. 72, supra, in which Porter, J., says (p. 89) :

". . . The general road law of the State at present in force is the Act of June 13, 1836, P. L. 551, and its supplements",

quoting section 7 of the act. The only question which the Superior Court had before it appears in the syllabus (p. 85), which holds:

"The Commonwealth of Pennsylvania is not liable for damages to the owners of property abutting upon a State highway so established by virtue of the Act of May 31, 1911, P. L. 468, by reason of damage or injury caused to said property in the process of the improvement or reconstruction of such highway involving only a change or alteration of the former grade without having taken or appropriated any land, and without having changed the horizontal position of the centre or side lines of the highway."

After referring to the report of the viewers, Judge Porter said (p. 88) :

". . . The court below being of opinion that the 16th section of the statute authorized a recovery of damages by an owner of abutting property when there was any change of grade in a State highway, even in cases where there was no change of location, sustained the exceptions, referred the proceedings back to the viewers and directed them to proceed to assess the damages. The viewers,

in obedience to this instruction, subsequently reported that the property was damaged to the amount of two thousand (2,000) dollars. The Commonwealth filed exceptions to this supplemental report, which exceptions the court over-ruled and confirmed the report absolutely. The Commonwealth appeals. The question is thus presented: Is the Commonwealth of Pennsylvania liable in damages to owners of property abutting upon the State highway, so established by virtue of the Act of May 31, 1911, P. L. 468, by reason of damage or injury caused to said property in the process of the improvement or reconstruction of said highway involving only a change or alteration of the former grade, with-out having taken or appropriated any land, and without having changed the horizontal position of the center or side lines of the highway?"

This was the question the Superior Court was considering. We think, there-fore, the discussion of sections 7, 8, and 9 of the Act of 1836 is dicta in its nature, and is not an aid in reaching a conclusion as to the question involved. Nothing was said in the opinion with regard to the limitation of time during which the petition for appointment of viewers must be made, as required in the Act of 1836. The opinion of the Supreme Court, supra, in affirming the decision of the Superior Court, makes no reference whatever to section 7 of the Act of 1836, or to the limitation of time for the presenting of a petition for the appoint-ment of viewers; and Grape Street, supra, has not been reversed or criticized by either the Supreme or Superior Courts, and therefore we must conclude it is still the law in Pennsylvania.

Referring now to the authorities relied upon by the viewers in their report, we find it is held in In re Grape Street, supra, as follows:

"Art. III. § 21, of the Constitution of 1874,—prohibiting the General Assem-bly from passing any Act limiting the amount to be recovered for injuries to person or property, or any Act limiting the time within which suits for the above or other causes may be brought against corporations, different from the limitations fixed by general laws regulating actions against natural persons, and avoiding such Acts then existing,—applies broadly to all claims against individuals or corporations without regard to the form of proceeding to enforce such claim.

"Said constitutional provision applies to, and abrogates, the limitation of one year prescribed in § 7 of the general road law of June 13th, 1836, for the com-mencement of proceedings for the assessment of damages for the opening of streets, &c., where such damages accrued since the present constitution went into effect."

In that case, the petition for the appointment of a jury of view was presented and filed April 2, 1881. It was admitted that the date of confirmation of the said change of grade regulation was April 19, 1875. The City of Philadelphia filed the following exception to said report:

"The petitioner is not entitled to damages, because it appears by the record of the cause, that more than one year had elapsed between the change of grade regulation and the filing of the petition in the above cause."

This exception was dismissed by the court, and the appeal to the Supreme Court followed. In writing the opinion of the Supreme Court, it was said by Mr. Justice Gordon, after quoting the provisions of the Constitution herein-before referred to (p. 123):

"That this language is broad and general enough to cover this case, there is no doubt. . . . So, to prevent mistake, this, like the previous part of the sec-tion, uses language that is as general and all embracing as possible. There are to be no limitations of time, in suits against corporations, for injuries to

persons or property, or for 'other causes,' different from those which govern suits of private persons.

"As this certainly applies to every possible species of claim or injury, we cannot see how its operation is to be limited to any special means of redress in a court of justice, for the latter must necessarily be as general as the former. In order to meet this very obvious proposition, it is urged that the word suit, as used in this section, does not apply to a process commenced in the quarter sessions by a petition. We think however, that an argument of this kind has no substantial ground for its support. Popularly this word means an action of any kind in a court of justice, whether commenced by writ, bill or petition, or by information or indictment. Nor is the legal definition much less general; for, as Blackstone has it, it is, 'the lawful demand of one's right, or as Bracton and Fleta express it, in the words of Justinian, *jus prosequendi in judicio quod alicui debetur.*' It would thus seem, that if this proceeding by petition in the quarter sessions is not embraced by the constitutional provision, it is not because the word used therein is not general enough in its signification to embrace it. But if it is covered by the language of that instrument, by what allowable process of reasoning shall we undertake to exclude it?

"The design of this part of the Constitution is sufficiently obvious; it is to put the citizen and corporations on the same general plane of right when they come into a court of justice, and thus, in part, at least, to break down the invidious distinction theretofore made, by the legislature between natural persons and corporations.

"The intent of this provision is wise and good, and we are not disposed to destroy its beneficent effect by a narrow and unwarranted construction which, though it might serve to promote the welfare of corporations, would be detrimental to the best interests of the people at large."

The order of the court below was affirmed.

Grape Street is referred to with approval in Gallagher v. Silver Brook Coal Co., 61 Pa. Superior Ct. 1, 4; and it is also referred to with approval by Mr. Justice McCollum in Grugan et al. v. Philadelphia, 158 Pa. 337, where it was held:

"Although the limitation of one year, prescribed in § 7 of the act of June 13, 1836, P. L. 556, was abrogated by art. 3, § 21, of the constitution of 1874, the constitutional provision does not change the time from which the limitation runs; it merely enlarges the period within which the application for viewers to assess damages may be made."

If the 1-year limitation does not apply, then what is the limitation?

The Act of May 23, 1891, P. L. 109, provides:

"That petitions for the assessment of damages for the opening or widening of any street, road, or highway, when the damages are not assessed by the view opening the road may be filed in the court of quarter sessions within the period of six years from the confirmation of a report, or the entry of a decree opening the said street, road or highway, or within six years from the date of notice of the intended opening of the same, under an ordinance or resolution duly passed, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years."

See the reference to this act by Judge Keller in Griffin v. City of New Castle, 88 Pa. Superior Ct. 439, 447, in which that learned judge, citing authorities, recognizes that the limitation period is 6 years. Judge Gordon, in In re Widening of Walnut Street, 5 D. & C. 641, 642, also refers to the Act of May 23, 1891, P. L. 109, "which establishes a limitation of six years for beginning the proceedings for the assessment of damages for the opening or widening of any street. . . ."

See also opinion of Henderson, J., in Pulaski Avenue, 33 Pa. Superior Ct. 108, 110, in which he states:

"We held in In re Tabor St., 25 Pa. Superior Ct. 355, and In re Butler St., 25 Pa. Superior Ct. 357, that the right of action of a party injured by the vacation of a street in Philadelphia arises when the plan vacating the street is duly confirmed, and that after the lapse of six years from such confirmation a claim for damages for such vacation is barred by the statute of limitations; . . ."

Applying the Constitution and principles established by the decisions from which we have quoted, we are of opinion that whether the limitation during which the petition could be presented for the assessment of damages in the instant case was 6 years or whether there is no limitation of time during which said petition must be presented—and we incline to the latter conclusion—in any event, we think the petition in the instant case was presented in time and that the exception of the County of Dauphin cannot be sustained.

And now, January 16, 1934, the exception of the County of Dauphin to the report of viewers is dismissed and the report of the viewers is confirmed.

From Homer L. Krieder, Harrisburg, Pa.